Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the award, the Full Commission AFFIRMS and ADOPTS the Opinion and Award of the deputy commissioner as follows.
The Full Commission finds as fact and concludes as matters of law the following, which were agreed upon by the parties at the hearing before the deputy commissioner and in a Pre-trial Agreement dated June 26, 1995 as
STIPULATIONS
The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
At the time of the alleged injury an employer-employee relationship existed between the parties.
Defendant is self insured with Key Risk Management Services administrating the claim.
Plaintiff's average weekly wage at the time of the alleged injury was $522.00.
Plaintiff was out of work as a result of the alleged injury beginning December 15, 1993 and returned to work on February 28, 1993.
Plaintiff's Answers to Interrogatories marked as stipulated exhibit 1 was received into evidence.
Subsequent to the hearing, counsel for the defendant submitted psychological records marked as defendant's Exhibit 1. Counsel for the plaintiff has stipulated to the authenticity of this document.
* * * * * * * * *
All objections contained within the deposition of Dr. Dye are ruled upon in accordance with the law and the Opinion and Award entered in this matter.
Plaintiff's objection to the admissibility of defendant's Exhibit 1 is OVERRULED.
* * * * * * * * *
The Full Commission adopts the findings of fact of the deputy commissioner and finds as follows
FINDINGS OF FACT
1. At the time of the hearing, plaintiff was a forty-four year old male. On December 13, 1993, plaintiff was employed by the defendant-employer as a maintenance worker. Plaintiff's job duties included doing electrical and mechanical repairs.
2. On December 13, 1993, plaintiff was attempting to lift a pump from the floor. Plaintiff did not know that the pump still had a bolt connecting the pump to the floor. After pulling and tugging on the pump, plaintiff felt an aching-type pain in his lower back. Plaintiff completed the workday with some back pain. Plaintiff felt better that evening after he arrived home and somewhat better the next day and returned to work.
3. On December 15, 1993, plaintiff was sitting in a chair at home putting on his shoes. He got up and walked into the kitchen and felt extreme pain in his left leg. Plaintiff could not move without excruciating pain at one point.
4. On December 17, 1993, plaintiff sought medical treatment from Dr. David Dye. Plaintiff had been treated by Dr. Dye for a problem plaintiff had sustained in the buttocks region. Dr. Dye diagnosed plaintiff as having sustained a herniated disc. Dr. Dye ordered a CT scan that revealed a herniated disc at L4-5 on the left side.
5. On December 27, 1993, plaintiff reported to his supervisor Jim Deaton that he had sustained a herniated disc while pulling a circulating pump out of a holding tank in the paint department. Mr. Deaton explained to the plaintiff how the workers' compensation plan worked as opposed to the disability plan provided by the company. Plaintiff was primarily concerned with being able to keep Dr. Dye as his healthcare provider.
6. On January 5, 1994, plaintiff gave a recorded statement to the defendant-carrier. During this interview, plaintiff expressed fear that his involvement with workers' compensation might hurt his ability to be hired by other companies. Plaintiff was informed that the information in the recorded statement would be kept completely confidential and not made available to prospective employers.
7. On January 11, 1994, plaintiff expressed concern to Dr. Dye that the medical records maintained by his office did not include any mention of whether his injury was work-related. The intake report from December 17, 1993 did not indicate one way or the other the etiology of plaintiff's back injury.
8. As a result of the work-related incident on December 13, 1993, plaintiff sustained the herniated disc treated by Dr. Dye.
9. As a result of the work-related incident on December 13, 1993, Dr. Dye performed a lumbar laminectomy on plaintiff on January 12, 1994. This surgery was necessary in order to lessen plaintiff's disability and to relieve plaintiff's pain.
10. As a result of the work-related incident on December 13, 1995, plaintiff sustained a fifteen percent (15%) permanent partial disability to his back.
11. As a result of the work-related incident on December 13, 1993, plaintiff was unable to work from December 15, 1993 to February 28, 1994.
* * * * * * * *
Based upon the foregoing stipulations and findings of fact, the Full Commission concludes as follows
CONCLUSIONS OF LAW
1. On December 13, 1993, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer in that he sustained a back injury as the result of a specific traumatic incident of the work assigned. N.C. GEN. STAT. § 97-2(6).
2. Plaintiff is entitled to temporary total disability compensation at the rate of $348.17 per week for the time period beginning December 15, 1993 to February 28, 1994. N.C. GEN. STAT. § 97-29.
3. Plaintiff is entitled to compensation for the 15% permanent partial disability to his back at a compensation rate of $348.17 per week for forty-five weeks. N.C. GEN. STAT. § 97-31.
4. Plaintiff is entitled to have defendants provide all medical treatment arising from this injury by accident to the extent it tends to effect a cure, give relief or lessen plaintiff's disability. N.C. GEN. STAT. § 97-25.
* * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following
AWARD
1. Defendants shall pay temporary total disability compensation to plaintiff in the amount of $348.17 per week for the time period beginning December 15, 1993 to February 28, 1994. This amount has accrued and shall be paid in a lump sum subject to the attorney fees awarded below.
2. Defendants shall pay permanent partial disability compensation to plaintiff in the amount $348.17 per week for forty-five weeks. This amount has accrued and shall be paid in a lump sum subject to attorney fees approved below.
3. Defendants shall pay all medical expenses incurred as a result of the injury by accident including the cost of the surgery performed by Dr. Dye.
4. An attorney fee in the amount of twenty-five percent of the compensation awarded in paragraph 1 and paragraph 2 is hereby approved and shall be deducted from the lump sum award and paid directly to counsel for the plaintiff.
5. Defendants shall pay the costs.
 S/ _________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/ _________________ LAURA K. MAVRETIC COMMISSIONER
S/ _________________ J. RANDOLPH WARD COMMISSIONER